[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 07-11623
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-20600-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO ORLANDO SCOTT,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(May 9, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ricardo Orlando Scott appeals his 120-month

sentence imposed after a jury conviction for conspiring and attempting to possess

with intent to distribute 100 kilograms or more of marijuana, 21 U.S.C. § 846. No reversible error has been shown; we affirm.

On appeal, Scott argues that his sentence -- 12 months above the advisory Guidelines range -- was procedurally and substantively unreasonable. We review Scott's sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). And we evaluate the reasonableness of a sentence using a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).[1]

Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the]

---

[1]The government asserts that Scott did not properly object to the sentence as unreasonable after it was imposed and that we should review his present challenge only for plain error. But we need not decide this issue because, even under a reasonableness standard, Scott's appeal fails.

record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Scott's sentence was reasonable. The district court correctly calculated Scott's advisory Guidelines range at 87 to 108 months.[2] Though Scott's 120-month sentence was above that range, it was well below the 480-month statutory maximum sentence. See 21 U.S.C. § 841(b)(1)(B); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). In addition, the district court explained that it considered the section 3553(a) factors and a sentence above the Guidelines range was appropriate in Scott's case. The district court specifically considered that Scott had committed a nearly identical drug crime five years before but received only a 90-day sentence in state court; thus, the court determined that the Guidelines range did not sufficiently promote respect for the law and deter Scott from committing future crimes. See § 3553(a)(2)(A), (B). The district court also, in its justifications for an above-Guidelines sentence, cited Scott's continued refusal to accept responsibility and his perjured trial testimony.

---

[2]The district court determined Scott's base offense level pursuant to U.S.S.G. § 2D1.1(c)(7), and enhanced it by 2 levels for obstruction of justice, U.S.S.G. § 3C1.1, based on Scott's perjured trial testimony.

The district court was not required to state on the record that it explicitly considered each of the section 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). And the district court adequately justified its 12-month upward variance. See Gall, 128 S.Ct. at 597 (explaining that a sentencing judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance"). Contrary to Scott's assertion, a sentence outside the Guidelines range need not be justified by extraordinary circumstances. Id. at 594-95.

Here, the district court determined that the Guidelines range did not yield a reasonable sentence, and nothing in the record convinces us the sentence was unreasonable. Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Scott has not carried his burden of showing that his sentence was unreasonable.[3]

AFFIRMED.

---

[3]We briefly address Scott's specific arguments. His argument that the district court gave unreasonable weight to certain section 3553(a) factors to the detriment of others is without merit; the court can determine the appropriate weight to give the section 3553(a) factors. See United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006) cert. dismissed, 127 S.Ct. 3040 (2007), abrogated in part on different grounds by Kimbrough v. United States, 128 S.Ct. 558 (2007) (explaining that "[w]e will not substitute our judgment in weighing the relevant factors."). We also reject Scott's argument that the district court justified its sentence based on its own disagreement with sentencing policy; the record clearly reflects that the court considered the Guidelines and the section 3553(a) factors in determining that Scott's situation warranted an above-Guidelines sentence. The government's recommendation of a sentence at the low end of the Guidelines range does not bear on whether the court imposed a reasonable sentence.